IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PLAINTIFF | : Civil Action No.: |
| | : |
| JOSE MENDEZ | : |
| 3286 Laurel Park | : |
| Hubbard, Ohio 44425 | : |
| | : |
| vs. | : |
| | : |
| DEFENDANTS | : |
| | : |
| RICHARD ROBERT GILLALAND | : COMPLAINT |
| 950 H Street NW, Suite 6000 | : |
| Washington, DC 20223 | : |
| | : |
| and | : |
| | : |
| UNITED STATES SECRET SERVICE | : |
| 950 H Street NW, Suite 6000 | : |
| Washington, DC 20223 | : |
| | : |
| SERVE ON: | : |
| Erik L. Barron | : |
| The United States Attorney's Office for the | : |
| District of Maryland | : |
| 36 S. Charles Street, 4th Floor | : |
| Baltimore, Maryland 21201 | : |
| | : |
| and | : |
| | : |
| U.S. DEPARTMENT OF HOMELAND SECURITY | : |
| 2707 Martin Luther King Jr. Ave, SE | : |
| Washington, DC 20528 | : |
| | : |
| SERVE ON: | : |
| Erik L. Barron | : |
| The United States Attorney's Office for the | : |
| District of Maryland | : |
| 36 S. Charles Street, 4th Floor | : |
| Baltimore, Maryland 21201 | : |

Plaintiff, Jose Mendez, a resident of Trumbull County, Ohio, by way of Complaint against

the Defendants above says:

## JURISDICTION

1. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b) as Plaintiff is making a claim for money damages for personal injuries caused by the negligent act of an employee of the Government while acting within the scope of his office or employment.

## VENUE

2. As the events giving rise to the claim occurred in Maryland, The United States District Court for the District of Maryland is the appropriate venue pursuant to 28 U.S.C. § 1402(b).

## COMPLAINT

3. Upon information and belief, Defendant Richard Robert Gillaland (hereinafter "Defendant Gillaland"), is an employee of Defendant United States Secret Service (hereinafter "Defendant US Secret Service") and the U.S. Department of Homeland Security (hereinafter" Defendant Homeland Security").

4. On or about October 15, 2019, at approximately 2:08 PM, Plaintiff was legally operating his motor vehicle northbound on Crain Highway. Plaintiff came to a stop at a red light on Crain Highway at its intersection with Defense Highway.

5. That at approximately the same time and place, Defendant Gillaland was operating Defendant US Secret Service's vehicle northbound on Crain Highway, failed to pay due care and attention, and struck the rear of Plaintiff's vehicle.

## COUNT I – NEGLIGENCE
### (Defendant Gillaland)

Plaintiff incorporates herein by reference all preceding paragraphs.

6. Defendant Gillaland had a duty to act reasonably and use due care while driving. Defendant Gillaland had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the State of Maryland, to maintain proper speed for the collisions, to reduce speed to avoid a collision, and to control the vehicle to avoid a collision.

7. Defendant Gillaland breached these and other duties of due care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the laws and rules of the State of Maryland, failing to maintain proper speed for the conditions, failing to reduce his speed to avoid a collision, and failing to control the vehicle in order to avoid a collision.

8. As a direct and proximate result of the negligence of Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

9. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Gillaland and were incurred without contributory negligence or assumption of the risk on the park of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant Richard Robert Gillaland for damages together with interest and costs of suit.

## COUNT II – NEGLIGENT ENTRUSTMENT
### (Defendant US Secret Service)

Plaintiff incorporates herein by reference all preceding paragraphs.

10. Defendant US Secret Service had a duty to act reasonably and use due care when entrusting the vehicle to Defendant Gillaland.

11. Defendant US Secret Service did in fact entrust the vehicle to Defendant Gillaland.

12. Defendant US Secret Service knew or should have known that Defendant Gillaland was likely, and had a propensity, to operate the vehicle in a negligent and unsafe manner, that was likely to cause physical harm to others.

13. Defendant US Secret Service breached these and other duties of due care by entrusting the vehicle to Defendant Gillaland.

14. As a direct and proximate result of the negligence of Defendant US Secret Service in entrusting the vehicle to Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

15. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant US Secret Service and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant United States Secret Service for damages together with interest and costs of suit.

### COUNT III – NEGLIGENT HIRING AND RETENTION
(Defendant US Secret Service)

Plaintiff incorporates herein by reference all preceding paragraphs.

16. Defendant US Secret Service had a duty to use reasonable care to Plaintiff to hire and retain an employee who was competent and fit to perform the duties required of that employee.

17. Defendant US Secret Service did in fact hire and retain Defendant Gillaland as an employee.

18. Defendant US Secret Service knew or should have known prior to hiring Defendant Gillaland that that Defendant Gillaland was likely, and had a propensity, to operate the vehicle in a negligent and unsafe manner, that was likely to cause physical harm to others.

19. Defendant US Secret Service breached these and other duties of due care by hiring and retaining Defendant Gillaland as an employee.

20. As a direct and proximate result of the negligence of Defendant US Secret Service in hiring and retaining the services of Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

21. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant US Secret Service and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant United States Secret Service for damages together with interest and costs of suit.

### COUNT IV – AGENCY
### (Defendant US Secret Service)

Plaintiff incorporates herein by reference all preceding paragraphs.

22. The injuries, harms and losses were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Gillaland who, at the time of the incident, was acting as an agent, servant and/or employee of Defendant US Secret Service.

23. The aforementioned acts and conduct of Defendant Gillaland were committed within the scope of his employment and agency and while furthering the business interests of Defendant US Secret Service.

24. As the principal for Defendant Gillaland, Defendant US Secret Service is responsible for all of the acts committed by Defendant Gillaland within the scope of his agency.

25. As a direct and proximate result of the negligence of Defendant US Secret Service as the principal for Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

26. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant US Secret Service and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant United States Secret Service for damages together with interest and costs of suit.

### COUNT V – RESPONDEAT SUPERIOR
### (Defendant US Secret Service)

Plaintiff incorporates herein by reference all preceding paragraphs.

27. At all times relevant to the incident, Defendant Driver was acting within the scope of his employment for Defendant US Secret Service.

28. As a result, Defendant US Secret Service is responsible for the negligent acts of Defendant Driver.

29. The aforementioned acts and conduct of Defendant Driver were committed within the scope of his employment and agency and while furthering the business interests of Defendant US Secret Service.

30. As the principal for Defendant Driver, Defendant US Secret Service is responsible for all of the acts committed by Defendant Driver within the scope of his agency.

31. As a direct and proximate result of the vicarious negligence of Defendant US Secret Service for the acts of Defendant Driver, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

32. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant US Secret Service and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant United States Secret Service for damages together with interest and costs of suit.

### COUNT VI – NEGLIGENT ENTRUSTMENT
### (Defendant Homeland Security)

Plaintiff incorporates herein by reference all preceding paragraphs.

33. Defendant Homeland Security had a duty to act reasonably and use due care when entrusting the vehicle to Defendant Gillaland.

34. Defendant Homeland Security did in fact entrust the vehicle to Defendant Gillaland.

35. Defendant Homeland Security knew or should have known that Defendant Gillaland was

likely, and had a propensity, to operate the vehicle in a negligent and unsafe manner, that was likely to cause physical harm to others.

36. Defendant Homeland Security breached these and other duties of due care by entrusting the vehicle to Defendant Gillaland.

37. As a direct and proximate result of the negligence of Homeland Security in entrusting the vehicle to Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

38. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Homeland Security and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant U.S. Department of Homeland Security for damages together with interest and costs of suit.

## COUNT VII – NEGLIGENT HIRING AND RETENTION
### (Defendant Homeland Security)

Plaintiff incorporates herein by reference all preceding paragraphs.

39. Defendant Homeland Security had a duty to use reasonable care to Plaintiff to hire and retain an employee who was competent and fit to perform the duties required of that employee.

40. Defendant Homeland Security did in fact hire and retain Defendant Gillaland as an employee.

41. Defendant Homeland Security knew or should have known prior to hiring Defendant Gillaland that that Defendant Gillaland was likely, and had a propensity, to operate the vehicle in a negligent and unsafe manner, that was likely to cause physical harm to others.

42. Defendant Homeland Security breached these and other duties of due care by hiring and retaining Defendant Gillaland as an employee.

43. As a direct and proximate result of the negligence of Defendant Homeland Security in hiring and retaining the services of Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

44. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Homeland Security and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant U.S. Department of Homeland Security for damages together with interest and costs of suit.

## COUNT VIII – AGENCY
### (Defendant Homeland Security)

Plaintiff incorporates herein by reference all preceding paragraphs.

45. The injuries, harms and losses were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Gillaland who, at the time of the incident, was acting as an agent, servant and/or employee of Defendant Homeland Security.

46. The aforementioned acts and conduct of Defendant Gillaland were committed within the scope of his employment and agency and while furthering the business interests of Defendant Homeland Security.

47. As the principal for Defendant Gillaland, Defendant Homeland Security is responsible for all of the acts committed by Defendant Gillaland within the scope of his agency.

48. As a direct and proximate result of the negligence of Defendant Homeland Security as the principal for Defendant Gillaland, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

49. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Homeland Security and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant U.S. Department of Homeland Security for damages together with interest and costs of suit.

### COUNT IX – RESPONDEAT SUPERIOR
### (Defendant Homeland Security)

Plaintiff incorporates herein by reference all preceding paragraphs.

50. At all times relevant to the incident, Defendant Driver was acting within the scope of his employment for Defendant Homeland Security.

51. As a result, Defendant Homeland Security is responsible for the negligent acts of Defendant Driver.

52. The aforementioned acts and conduct of Defendant Driver were committed within the scope of his employment and agency and while furthering the business interests of Defendant Homeland Security.

53. As the principal for Defendant Driver, Defendant Homeland Security is responsible for all of the acts committed by Defendant Driver within the scope of his agency.

54. As a direct and proximate result of the vicarious negligence of Defendant Homeland Security for the acts of Defendant Driver, Plaintiff suffered physical injuries, a loss of income and mental anguish. Plaintiff incurred past medical expenses, lost wages, and past pain and suffering and may incur future medical expenses, future lost wages and be forced to endure future pain and suffering.

55. All of the above injuries, losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Homeland Security and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Jose Mendez demands Judgment against the Defendant U.S. Department of Homeland Security for damages together with interest and costs of suit.

WHEREFORE, Plaintiff Jose Mendez demands judgment and compensatory damages against Defendants jointly and severally in the amount of Seven Hundred Fifty Thousand Dollars and 00/100 ($750,000.00), plus costs and expenses.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2)

is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## DESIGNATION OF TRIAL COUNSEL

Neil Dubovsky, Esq. is hereby designated as trial counsel for the Plaintiff, Jose Mendez.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues raised in the foregoing Complaint.

Respectfully submitted,

Dated: September 23, 2022

Neil Dubovsky, Esq.
*Counsel for Plaintiff*
Dubo Law, LLC
9515 Deereco Road, Suite 704
Timonium, Maryland 21093
443-275-6345
443-660-8106 (fax)
Neil@dubolawfirm.com
Bar: #27524